```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/2022

**ELISA ALTHEA BROWN,**

                         **Plaintiff,**                    **18-CV-01320 (VF)**

       -against-                                  **ORDER**

**COMMISSIONER OF SOCIAL SECURITY,**
                                **Defendant.**

----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      Plaintiff Elisa Brown brought this motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons explained below, Brown's motion is **GRANTED**.

## BACKGROUND

      Brown's application for Social Security benefits was denied both initially and following a hearing by an Administrative Law Judge. On February 14, 2018, Brown filed the complaint in this Court seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). See ECF No. 1. After Brown filed a motion for judgment on the pleadings, see ECF No. 15, the parties stipulated to remand the matter to the Commissioner on November 27, 2018, for the purpose of conducting further proceedings. See ECF Nos. 19-20. On December 27, 2018, the Court approved an attorney's fee award of $4,325.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See ECF No. 23.

      Following remand, the Commissioner found Brown disabled and awarded past-due benefits. See ECF No. 25-1, Ex. C at 2. The Commissioner withheld 25% of the past due benefits, $13,578.75, for the payment of Brown's attorney's fees. Id. Counsel now seeks to obtain this amount, pursuant to the contingent-fee arrangement with Brown, which provided for

a contingent fee to counsel of up to 25% of any past-due benefits. See id., Ex. A at 2. Counsel indicates that he will remit the EAJA award to his client if the instant fee application is granted. See ECF No. 25 at ¶ 13. Contemporaneous time records show that Brown's attorneys, Charles E. Binder and Daniel S. Jones, spent a combined 22.30 hours in the federal court proceeding. See ECF No. 25-1, Ex. B. The Commissioner does not object to the fee request. See ECF No. 27.

## DISCUSSION

When a court renders a favorable judgment under 42 U.S.C. § 406(b) to a claimant who was represented by counsel, "the court may determine and allow as part of its judgment a reasonable fee for such representation." Id. However, such fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). Factors relevant to the request for approval of attorney's fees are: "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Blizzard v. Astrue, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (citation omitted).

With regard to contingent fees, the law permits counsel to charge fees of up to 25% of the past due benefits so long as the fees are reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002). A lodestar method, which considers whether the rate charged and time spent were reasonable, need not be employed if there is no reason to question the terms of the contingent-fee agreement between the lawyer and plaintiff or the character of the representation provided. Id. at 806-08. However, a fee is not automatically recoverable simply because it is equal to or less than

25% of the client's total past-due benefits. Id. at 807. Several factors are relevant to the reasonableness analysis, including: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are: (1) "the character of the representation and the results the representative achieved"; (2) "the amount of time counsel spent on the case"; (3) whether "the attorney [was] responsible for any delay"; and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." Gisbrecht, 535 U.S. at 808.

Here, all factors weigh in favor of awarding the fee requested by counsel. The fee of $13,578.75 is not more than 25% of past-due benefits and would yield an hourly rate of $608.91 based on the expenditure of approximately 22.30 hours of attorney work spent on Brown's social security case. Additionally, the hours expended are reasonable given the nature of the services provided and successful outcome obtained by Brown's attorneys upon remand of the case.

Moreover, in light of the contingent-fee agreement between Brown and counsel, the requested fee of $13,578.75 is not so large as to constitute a windfall to counsel. Cases in this circuit have been deferential—accepting de facto hourly rates that exceed those for non-contingent fee cases. See, e.g., Fields v. Kijakazi, 24 F.4th 845, 856 (2d Cir. 2022) (finding the de facto hourly rate of $1,556.98 to be reasonable based on effective representation); Bates v. Berryhill, 2020 WL 728784 at *3 (S.D.N.Y. Feb. 13, 2020) (finding the de facto hourly rate of $1,506.32 was product of competent and efficient advocacy); Baron v. Astrue, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100.00 given efficient and impressive work from counsel).

Further, there is no evidence of fraud or overreaching in the making of the contingent-fee agreement, counsel was not responsible for any delay in this case, and counsel provided effective representation, including obtaining the Commissioner's agreement to remand.

Lastly, as counsel has already agreed to do, see ECF No. 25 at ¶ 13, counsel is required to remit to Brown the $4,325.00 award to counsel pursuant to the EAJA. See Gisbrecht, 535 U.S. at 796 (where a fee award is made both under the EAJA and 42 U.S.C. § 406(b), the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee").

## CONCLUSION

For the reasons set forth above, Brown's application for attorney's fees in the amount of of $13,578.75 is **GRANTED**. The Social Seucrity Administration should approve and effectuate a payment of $13,578.75 to Brown's counsel. Counsel is ordered to return to Brown the $4,325.00 received pursuant to the EAJA. The Clerk of Court is respectfully directed to close the motion at ECF No. 24.

**SO ORDERED.**

DATED:   New York, New York
         July 12, 2022

_____
VALERIE FIGUEREDO
United States Magistrate Judge

Copies to:

All parties (via ECF)